IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM. CASE NO. 2:24-cr-41-ECM |
| | ) | [WO] |
| AMBER LASHAWNE SELLERS | ) | |

**O R D E R**

Before the Court is Defendant Amber Sellers' motion to reconsider her sentence and amend the judgment. (Doc. 144). On January 24, 2025, the Court sentenced the Defendant to 24 months' imprisonment, which is reflected in the Court's written judgment (doc. 142). For the reasons set forth below, the Court finds that the motion is due to be denied.

The Defendant avers that the Court can grant this motion under 18 U.S.C. § 3582(c), commonly referred to as "compassionate release," *see United States v. Harris*, 989 F.3d 908, 909 (11th Cir. 2021). The Defendant is mistaken. 18 U.S.C. § 3582(c)(1)(A) reads,

> The [C]ourt may not modify a term of imprisonment once it has been imposed except that in any case[,] the [C]ourt, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Here, the Defendant has not yet been imprisoned and cannot have exhausted the administrative prerequisites for the modification of her sentence under 18 U.S.C. § 3582(c). Even though 18 U.S.C. § 3582(c) cannot provide the Defendant relief and provides an

independent reason for denying the motion, the Court construes the motion as an untimely

objection to the sentence imposed and analyzes the arguments raised.  For the reasons

below, to the extent the Defendant objects to her sentence, the objection is due to be

overruled.

In her motion, the Defendant argues the Court failed to consider mitigating factors—

lack of criminal history, minimal participation in the offense, and efforts to be a productive

member of society—and created unwarranted sentencing disparities among similar

defendants by sentencing her to 24 months' imprisonment. (*See* doc. 144 at 2–3).  As the

Court stated on the record at the sentencing hearing in granting the Defendant's motion for

a downward variance and imposing the sentence, the Court considered all the evidence and

arguments presented by counsel in deciding an appropriate sentence, which the Court

determined to be 24 months' imprisonment.  The Defendant's citation to a case from the

Eastern District of Wisconsin in 2005, (*see* doc. 144 at 3–4 (citing *United States v. Greer*,

375 F. Supp. 2d 790 (E.D. Wisc. 2005)), does not persuade the Court that a reduction is

warranted in the Middle District of Alabama in 2025 to avoid a "sentencing discrepancy."[1]

The Defendant had a guideline range of 48 months (the statutory maximum);[2] the

Government requested a sentence of 36 months; and the Court ultimately imposed a

---

[1] The Court notes that the Defendant's counsel did cite a case from this district in which a defendant received a sentence of 30 days' imprisonment and probation for similar conduct.  Although the case cited had material differences to the instant case, the Court considered it in granting the motion for a downward variance.  The Court also notes that the Defendant's co-defendant, who played an increased role in the offense, received a sentence of 360 months' imprisonment.

[2] At sentencing, the Court found that the Defendant had a total offense level of 30 and a criminal history category of I. Normally, this calculation carries a guideline imprisonment range of 97 to 121 months. *See* U.S.S.G. Ch. 5 Part A.

sentence of 24 months.  As the Court stated on the record, the mitigating factors emphasized by counsel at the sentencing hearing and re-argued in this motion persuaded the Court to vary downward to a sentence of 24 months' imprisonment and not impose a higher, guideline range sentence.  Consequently, for the reasons stated herein and stated in further detail on the record at the sentencing hearing, the Defendant's motion is due to be denied, and to the extent the Court construes the motion as an objection to the sentence, it is due to be overruled.

Accordingly, upon consideration of the motion, and for good cause, it is

ORDERED that the Defendant's motion (doc. 144) is DENIED.  It is further

ORDERED that to the extent the Defendant objects to the sentence imposed, the objection is OVERRULED.

DONE this 12th day of February, 2025.

                        /s/ Emily C. Marks
                    EMILY C. MARKS
                    CHIEF UNITED STATES DISTRICT JUDGE